# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1855.

---

### PRIMROSE v. RODEN.

An affidavit to obtain an attachment, which is in strict conformity to Section 4 of the Act regulating attachments, (Hart. Dig. Art. 25,) is a virtual compliance with Section 143 of the Act to regulate proceedings in the District Courts. (Hart. Dig. Art. 795.)

By the "matter set forth in his petition," (Hart. Dig. Art. 795,) the statute intended the material, issuable facts alleged as constituting the plaintiff's right to a recovery on the merits of his case; and not such matters as are only issuable or available to the defendant by pleading in abatement.

Appeal from Galveston. The appellant commenced suit against appellee by attachment issued before his demand became due as provided for by statute, (Hart. Dig. Art. 37.) The petition was not sworn to, but there was an affidavit as follows : "On this 28th day of March, A. D., 1853, personally ap- "peared before me Mordicai Primrose, the above named plain- "tiff in the petition hereto annexed, and being duly sworn, de- "poses and says that William B. Roden, the defendant in "the annexed petition named, is justly indebted to him, said

Vol. XIV.                                        1

"plaintiff in the sum of nine hundred and fifty dollars ($950) on "the demands mentioned in said petition over and above all "discounts and offsets; and further says that said William B. "Roden is about to remove permanently out of the State of "of Texas, so that the ordinary process of law cannot be served "on him; and also says that said Roden is about to remove his "property beyond this State, and that thereby said plaintiff "will probably lose his said debt; and affiant also states that "said attachment prayed for in said petition is not sued out for "the purpose of injuring said defendant, but that justice may be "done to plaintiff by securing his said demand."

Defendant moved to quash the attachment because the plaintiff's petition was not sworn to or verified by affidavit as required by law. He also pleaded damages in reconvention. The motion to quash was granted, but no disposition made of the plea in reconvention. At a subsequent Term the plaintiff moved the Court to set aside the order quashing the attachment. The Court overruled the motion, and refusing to entertain the plea in reconvention dismissed the case. Plaintiff appealed, and assigned for error the order quashing the attachment.

*Sherwood & Goddard,* for appellant.

*Jones & Ballinger,* for appellee.

WHEELER, J.   The affidavit, made to obtain the attachment, is in strict conformity to the statute, (Hart. Dig. Art. 25,) but it is insisted that the plaintiff should have made affidavit to the truth of the matter set forth in his petition, as prescribed in Art. 795 of the Digest.   In the case of Schrimpf v. McArdle (13 Tex. R. 368) we intimated the opinion that the Act regulating attachments did not expressly, nor by necessary implication, repeal the provision of the statute last cited; but that an affidavit of the truth of the material, substantive matter set forth

in the petition would be a virtual compliance with the statute.
Whether the intimation was correct as to the question of repeal
or not, we think it free from doubt that it is so upon the other
point.    But it is said the affidavit is insufficient in that it does
not verify the averment of the petition as to the residence of
the defendant in the county, and that the fact of such residence
is necessary to give the Court jurisdiction.    But it is evident
that this is not a necessary averment to give the Court juris-
diction in suits by attachment ; for one of the cases provided
for in the statute is that of the non-residence of the defendant.
Where he has a residence in the State, he must be sued in the
county of his residence, as well in suits by attachment as in
other cases ; and if sued elsewhere, he may except, or plead in
abatement of the suit.    But the jurisdiction of the Court in such
a case can only be defeated by excepting, or pleading the fact
of his residence in another county within the State.    By the
" matter set forth in his petition," (Hart. Dig. Art. 795,) the
statute, we think, intended the material, issuable facts alleged as
constituting the plaintiff's right to a recovery on the merits of
his case, and not such matters as are only issuable, or available
to the defendant by pleading in abatement ; the facts, in which
the plaintiff's right and the injury he has sustained by reason
of acts done  or omitted  to be done by the defendant, consist ;
and not the fact of the defendant's residence, or other matter of
abatement or exception merely.    The affidavit is an affirmation
of the truth of all the material facts which constitute the plain-
tiff's cause of action.    We are of opinion, therefore, that it is a
compliance with the requirement of the statute ; and conse-
quently, that the Court erred in quashing the attachment and
dismissing the case ; and this will dispense with the necessity
of considering the question of the right of the defendant to re-
tain the case on his plea in reconvention, which will be rein-
stated of course upon remanding the case.    The judgment is
reversed and the cause remanded.

Reversed and remanded.