[No. 2755.]

### G. S. TURNER *v.* THE STATE.

1. BAIL BOND, in stating the place where the principal binds himself to appear, is sufficient if it specifies the name of the court or magistrate, and that of the county.

2. SAME.—That the "above bounden J. J. Covington shall appear in person before the honorable District Court of Shackelford county, to answer said charge, at the time and place above named, and there remain from day to day, and from term to term of said court, and shall not depart thence without leave of said court, *and shall abide the final judgment of said court,*" etc., is a condition of a bail bond more onerous than is required by law, inasmuch as the condition of a bail bond, as prescribed by Article 288 of the Code of Criminal Procedure, is that the defendant will appear before the proper court or magistrate to answer the accusation against him. Other onerous conditions than that prescribed by the Code nullify a bail bond so that it will not support a judgment.

3. SAME—PRACTICE IN THIS COURT.—A bail bond, being a statutory bond, to be valid as such must in every essential particular conform to the statute; and this court cannot treat an objectionable condition as mere surplusage. See the opinion *in extenso* for suggestions to officers charged with the approval of bail bonds.

ERROR from the District Court of Shackelford.   Tried below before the Hon. T. B. Wheeler.

The writ of error in this case was prosecuted from the forfeiture of the bond of J. J. Covington, who was bailed to the District Court of Shackelford county, under a charge of horse theft.   Fifteen hundred dollars was the amount of the bond and judgment; from which judgment the appellant alone of the sureties prosecutes this writ of error.

The opinion sufficiently discloses the case.

*Fleming & Moore,* for the appellant, in support of their proposition that the conditions of the bond were unlawfully onerous, and therefore fatal to the judgment, cited Articles 288, 296, 290 and 598 of the Code of Criminal Procedure, *Hammons* v. *The State,* 8 Texas, 272, and *Wooters* v. *Smith,* 56 Texas, 198.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   It is contended by plaintiff in error that the bail bond which is the foundation of the judgment from which this writ of error is prosecuted is a nullity, because, first, it does not name the place at which the principal in said bond bound himself to appear; and second, its conditions are more onerous than required by law.   We think the first objection is not well taken.   In stating the place where the accused binds himself to appear, it is sufficient to specify the name of the court or magistrate, and of the county.   (Code Crim. Proc., Art. 288, Sub. 5.)   This bond binds the principal to appear before the District Court of Shackelford county, and in that particular is sufficient.

As to the second objection to the bond, it is more serious, and is, we think, fatal to the validity of the bond.   We recite the conditions of the bond, as follows:   "Now, if the above bounden J. J. Covington shall appear in person before the honorable District Court of said county of Shackelford, to answer said charge, at the time and place above named, and there remain from day to day, and from term to term of said court, and shall not depart thence without leave of said court, *and shall abide the final judgment of said court,* then this obligation to be null and void; otherwise to remain in full force and effect."

Article 288 of the Code of Criminal Procedure prescribes

plaiuly the requisites of a bail bond. It is to be conditioned that the defendant will appear before the proper court or magistrate, to answer the accusation against him. This is the only condition required or authorized by the law. It is evident, therefore, that the bond before us is more onerous than is required by the law, because it binds the defendant to "abide the final judgment of court." Such being the case the bond is a nullity, and cannot support the judgment based upon it. (*Barringer* v. *The State*, 27 Texas, 553; *Johnson* v. *Erskine*, 9 Texas, 10; *Wooters* v. *Smith*, 56 Texas, 198.

A bail bond, being a statutory bond, to be valid as such, must in every essential particular strictly conform to the statute. (*Lawton* v. *The State*, 5 Texas, 270; *Warren* v. *The State*, 21 Texas, 510.) We do not feel authorized to treat the objectionable condition of this bond as mere surplusage. It is inserted as one of the conditions of the bond, and is as much a part of the bond as are the lawful conditions therein contained. It is not a difficult duty to perform for officers who take bail bonds to take them in accordance with the plain requirements of the law. A reasonable amount of care would avoid such errors as the present one; and that degree of carelessness in an officer which results in the disregard of a plain provision of a statute should not be overlooked and tolerated by the courts. And as was well said in *Johnson* v. *Erskine* (*supra*), "Any latitude allowed to officers whose duty it is to take bonds, in departing from the terms required by the statute in the structure and framing the bond, will be an encouragement to a further disregard and inattention to its requisitions."

There are other errors assigned by plaintiff in error, but which we do not consider it necessary to determine, because, the bond being a nullity, the judgment must be reversed and the suit dismissed; and it is so ordered.

*Reversed and dismissed.*

Opinion delivered May 9, 1883.