## [No. 2682.]

## Robert Costley v. The State.

1. **Bail Bond** executed for the appearance of a party before the proper court to answer an accusation of an offense against the law is a pecuniary obligation to the State, binding upon him and his sureties, and is one which, by the very terms of the law permitting it can be enforced in case of a breach of its conditions.

2. **Same—Forgery.**—Being an instrument in writing which creates a pecuniary obligation, a bail bond is, like any other written instrument creating such an obligation, a subject of forgery.

3. **Same—Indictment.**—An instrument falsely made with an intent to defraud is a forgery, although, if it had been genuine, other steps must have been taken before the instrument would have been perfected and were not taken; hence it is not necessary that a bail bond should have been forfeited or attempted to be forfeited before it is the subject of an assignment and prosecution for forgery. See the opinion upon the whole question, and for the substance of an indictment *held* sufficient to charge the forgery of a bail bond.

4. **Same—Fact Case.**—See evidence held sufficient to sustain a conviction for the forgery of a bail bond.

**Appeal** from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The opinion sufficiently states the nature of the case. The penalty imposed was a term of two years in the penitentiary.

The following is the agreed statement of facts:

"1.    The election, oaths and bonds of Wilson Gregg and William Von Rosenberg, justices of the peace, precinct number three, Travis county, Texas, were offered in evidence and admitted to be in due form.

"2.    That said Gregg was justice of the peace, precinct number three, said Travis county, and ceased to act on the afternoon of November 22, 1882, when William Von Rosenberg was duly qualified in his stead.

"3.    That said Von Rosenberg is now acting as such justice of the peace, and has so acted since said November 22, 1882.

"4.    That there was a complaint in writing, in due form of law, made before said Gregg as such justice of the peace, on November 21, 1882, by one Joe Longtin, charging one Jim Henderson and one Dick with larceny, in Travis county, Texas, of property under the value of twenty dollars, to wit, a valise.

"5.    That a warrant was issued by said Gregg, while so in office, on November 22, 1882, for the arrest of said Henderson; that there was no offense set out in the warrant, that part of the warrant being in blank; that, at the concluding part of the warrant, it commanded the arrest of one Jim Alexander, and not the arrest of Henderson, and that the said warrant nowhere commanded the arrest of said Henderson, though said Henderson was mentioned in the first part of said warrant, and that said complaint and said warrant were turned over to said Von Rosenberg, or his successor.

"6.    That said Henderson was arrested on November 22, 1882, by virtue of such warrant, by one T. R. Johnson, who was then a duly qualified deputy sheriff of said Travis county, said Henderson at the time of said arrest being pointed out by Joe Longtin, as the party to be arrested; that said Henderson was known by the name of Jim Henderson, Jim Alexander and Jim Hamilton.

"7.    That the bond set out in the indictment was presented by defendant to said Johnson at the time, place and manner as alleged in the indictment, in Travis county, Texas, with the request by defendant that said Johnson take said bond and release said Henderson, who was then in custody on account of the offense named in said complaint.

"8.    That said bond had not been signed by the two men

known and called Cal. Metz and Joe Van Osdel, nor by their authority, or by the authority of either of them; that there are two men known and called, in the city of Austin, as Cal. Metz and Joe Van Osdel, but that their real names are C. S. Metz, and J. F. Van Osdel; that they now live, and have for many years lived, in the city of Austin, said Travis county, and are called and known as Cal. Metz and Joe Van Osdel.

"9. That the circumstances proved justified the jury in finding that the defendant forged the bond set out in the indictment."

The bond as set out in the indictment reads as follows:

"State of Texas ⎫
       *v.*       ⎬
"Jim Henderson. ⎭    "Know all men by these presents, that we Jim Henderson as principal, and —— —— and —— —— as sureties, are held and firmly bound unto the State of Texas in the sum of two hundred and fifty dollars, for the payment of which, well and truly to be made, we hereby bind ourselves, our heirs and legal representatives, jointly and severally, firmly by these presents:   Signed with our hands this the twenty-second day of November, 1882.

"The condition of the foregoing obligation is such that whereas the above bounden Jim Henderson was this day arrested by T. R. Johnson, deputy sheriff of Travis county, by virtue of a warrant issued by Wilson Gregg, justice of the peace, Travis county, charged with theft of property under the value of twenty dollars:   Now, therefore, if said Jim Henderson shall make his personal appearance before Wm. Von Rosenberg, justice of the peace, Travis county, Texas, at his office in the city of Austin, on the twenty-fifth day of November, A. D. 1882, then and there to answer said charge, and there to remain from day to day until duly discharged by the court, then this obligation to be null and void; otherwise to remain in full force and effect.

                    " Jim Henderson,
                    " Joe Van Osdel,
                    " Cal. Metz."

The following entry appears in the transcript:

"The State of Texas ⎫
       *v.*   [No. 6929. ⎬   In  District  Court, Travis County,
"Robert Costley. ⎭              Texas.

" After being duly warned that the same will be used against

him on the trial of the above entitled and numbered cause, the defendant, Robert Costley, in open court and over his own signature, admits that he presented to T. R. Johnson, at the time and in the manner described in the indictment, the bond described in the indictment, with the names of Jim Henderson, Joe Van Osdel and Cal. Metz signed thereto, and that there are two men residing in Austin city known as Joe Van Osdel and Cal. Metz, and that said men did not sign said bond, nor did they then or before that time, nor either of them, authorize the signing of their names, or either of them, to said bond.

"Witness my hand, on this the second day of April, A. D. 1883.

"ROBERT COSTLEY."

The motions to quash the indictment, in arrest of judgment, and for new trial presented the questions which are discussed in the following brief of the counsel for the appellant:

*W. Gregg* and *J. H. Stewart,* for the appellant: The questions presented for revision by this court, as they appear from the exceptions to the indictment, bill of exceptions, motions in arrest of judgment and for a new trial, and by the assignment of errors, may be best stated and presented as follows:

Proposition first. The forgery of an instrument which on its face is void is not indictable. The bail bond shows on its face that the arrest was made by virtue of a warrant issued by Wilson Gregg, a justice of the peace of Travis county, without giving the *State.* (14 Texas, 503; 2 Bishop Cr. Law, 506; 37 Texas, 591; 9 Cowen, 778.)

Proposition second. A bail bond cannot be the subject of forgery, because it does not *ipso facto* create a pecuniary obligation, and in no manner affects any property.

The pecuniary obligation is not created and property is not affected until a judgment *nisi* is had upon the bond; and the conditions must be met before the obligors in the bond are liable in their money or other property. (Art. 431, Penal Code; Art. 284, Code Crim. Proc.; Art. 433, Penal Code.)

Proposition third. Everything necessary to be alleged must be proven, and the converse. The court, over objection, admitted all evidence on the arrest and custody of the principal in the bond, without any allegation of such in the indictment. (2 Texas, 460; 3 Texas, 305; 12 Texas, 327; 16 Texas, 399; 27 Texas, 236; 3 Texas Ct. App., 202.)

Proposition fourth.  A bail bond is a nullity unless there has been a legal arrest, or the principal is legally in custody.  The indictment fails to allege an arrest of the principal, and the complaint, as set out in the indictment, charges him with having committed the "misdemeanor of theft of property under the value of twenty dollars," while there is no such offense as that of "misdemeanor of theft." (7 Texas Ct. App., 279; Code Crim. Proc., Arts. 233, 286; 5 Texas, 270; 43 Texas, 349; 4 Texas Ct. App., 96.)

Proposition fifth.  It was necessary in this case to show that the principal was under lawful arrest, and then the jury ought to have been charged upon the question.  The appellant asked such instructions and they were refused.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.  There can be no doubt but that a bail bond, executed for the appearance of a party to answer before the proper court an accusation against him of an offense against the law, is a pecuniary obligation to the State, binding upon him and his sureties, and is one which, by the very terms of the law permitting it, can be enforced in case of a breach of its conditions.  (Code Criminal Procedure, Arts. 282, *et seq.*, and Arts. 400, *et seq.*)  If an instrument in writing which creates a pecuniary obligation is a subject of forgery, then a bail bond is also such an instrument as may be the subject of forgery. (Penal Code, Art. 435; *Com.* v. *Linton*, 2 Va. Cases, 476.)  It is not necessary that a bail bond should have been forfeited or attempted to be forfeited before it is the subject of an assignment and prosecution for forgery, for "an instrument falsely made with intent to defraud is a forgery, although, if it had been genuine, other steps must have been taken before the instrument would have been perfected, and these steps are not taken." (*Com.* v. *Costello*, 120 Mass., 358.)

As contended, it is true that the rule is well settled that "a written instrument, to be the subject of indictment for forgery, must be valid, if genuine, for the purpose intended.  If void or invalid on its face, and it cannot be made good by averment, the crime of forgery cannot be predicated upon it." (*People* v. *Harrison*, 8 Barb., N. Y., 560.)  "It is an indispensable element in the crime of forgery that the forged paper must be such that, if genuine, it may injure another, and it must

appear from the indictment that it is legally of such a character, either from a recital or description of the instrument itself, or, if that alone does not show it to be so, then by the additional averment of such extrinsic facts as render it of that character." (*The State* v. *Briggs*, 34 Vermont, 501.) "The forging of an indictment which, on its face, is void, is not indictable." (*People* v. *Shall*, 9 Cow., 778; *Henderson* v. *The State*, 14 Texas, 517.)

It may further be considered as well settled that "if a statute authorizes an instrument and so prescribes its form as to render any other form null, forgery cannot be committed by making an instrument in form not provided by the statute, even though it is so like the genuine as to be liable to deceive most persons." (*Cunningham* v. *People*, 11 S. C. (4 Hun.,) N. Y., 455.)

Article 288, Code Criminal Procedure, prescribes all the requisites of a good and sufficient bail bond under our statute, and a bond containing all the requisites therein enumerated is valid and sufficiently certain to effect the purposes it is intended to subserve. When tested by the provisions of the statute, we find the bond as set forth in the indictment in the case before us to be in strict compliance with its terms, and nothing more can be demanded to make it good.

But it is said that a bail bond, to be valid, must have been executed to effect the release of a party from custody or imprisonment who is at the time under legal arrest, charged with an offense; that this is the object and purpose for which a bail bond is allowed; and that, unless it is shown that the principal in the bond was in arrest upon some charge of crime, then the bond is a nullity and cannot be insisted upon for any purpose whatever, much less as a basis for the assignment of forgery. That, it being necessary to show an arrest, the fact that the party *was* under arrest when the bond was executed must be distinctly and affirmatively averred and alleged in the indictment, since "everything should be stated in the indictment which it is necessary to prove." (Code Crim. Proc., Art. 421.)

We think the fact of arrest and custody is sufficiently alleged in the indictment; for the allegation is that the forged bail bond was "for the purpose of securing the release of said Henderson from the custody of the duly authorized officers, as if on bail to answer said charge of theft," etc. And again in the forged instrument, which is set out *hœc verba* in the indictment, it is recited that, "whereas the above bounden Jim Henderson was this day arrested by T. R. Johnson, deputy sheriff of Travis

county, charged with theft of property under the value of twenty dollars, now, therefore," etc. Upon this point the indictment is sufficiently explicit.

Other objections to the indictment are more hypercritical than substantial. The indictment is, in our opinion, good, and the court did not err in overruling defendant's motions to quash and in arrest of judgment, based upon its supposed defects.

We see no error in the charge of the court, nor in the refusal to give the special requested instructions.

As to the evidence, there can be no question. In addition to the facts proven establishing his guilt, defendant, though duly warned of the consequences of his act, on his trial, in open court and in writing, submitted to the court and jury his admission and confession that he did the acts in manner and form described in the indictment.

We have been unable to see that any error was committed upon the trial of this case, and the judgment is therefore affirmed.

*Affirmed.*

Opinion delivered May 5, 1885.