[No. 3542.]

## L. S. GRAGG AND ANOTHER *v.* THE STATE.

1. ALTERATION.— BAIL BONDS duly taken are obligations of record after they have been returned into the proper court, and placed upon its files. No material alteration of such an obligation can be made without the consent of all the obligors, and by leave or order of the court, or otherwise. The obligors would be exonerated by a material change in the obligation made without their consent, at the instance of the officers of the State. But to have the effect of invalidating the obligation and releasing the obligors, the alteration must be a material one.

2. SAME — CASE STATED.— A bail bond recited that the indictment against the principal obligor was presented on a stated day in the year "180," and the trial court permitted the State's attorney to change the figures to "1880." *Held,* that the recital of the time when the indictment was returned was unnecessary in the bond, and was mere surplusage; wherefore the alteration of the figures was immaterial and does not impair the validity of the bond. The amendment was an irregularity, but is not reversible error on appeal.

3. CITATIONS.— AMENDMENT.— Defects of form in a citation (or in a recognizance, bail bond, judgment *nisi*, etc.) are amendable under direction of the court. (Code Crim. Proc., art. 451.) Such defects in a citation, or in the return of service, are immaterial after a continuance of the cause.

4. PRACTICE.— JUDGMENT NISI need not order the issuance of citations nor direct when they shall be returnable; and therefore error in these respects is not material and cannot affect the validity of the judgment *nisi*.

5. PRACTICE.— CITATION in a *scire facias* proceeding on a bail bond is a pleading in the case, and not evidence; and therefore the State is not required to read it as evidence.

6. SUGGESTION OF THE DEATH OF THE PRINCIPAL OBLIGOR.— In a *scire facias* proceeding on a bail bond the sureties suggested that their principal had died since the rendition of the judgment *nisi*, and they objected to further proceedings in the cause until the State should either dismiss it as to said principal obligor or make his legal representatives parties to the suit. There being no positive proof of the death of the principal obligor, the trial court disregarded the suggestion, proceeded with the cause, and rendered judgment against the principal and the sureties. *Held*, that there is no error apparent in the action of the trial court in this matter.

7. SHERIFF'S AUTHORITY TO TAKE BAIL.— The Code of Procedure, article 305, empowers a sheriff to take a bail bond in a felony case when the court in which the case is pending is not in session.

8. PLEADING.— NON EST FACTUM is not the proper plea to set up the defense of a material alteration of the defendant's bond. The defense should be set up by a special plea admitting the execution of the bond, but alleging the alteration and the consequent invalidity of the bond.

APPEAL from the District Court of Taylor. Tried below before the Hon. T. B. Wheeler.

This appeal is from a judgment final rendered on the forfeited bail bond of one W. Drury, charged with an assault with intent to murder P. H. Odom. The amount of the bond and judgment was $500.

*C. I. Evans*, for the appellants, filed an able brief.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. I. A bail bond, when taken by authority of law and returned into and placed upon the files of the proper court, is then an obligation of record. (*Lawton* v. *The State*, 5 Texas, 270.) Being an obligation of record, no material alteration of it can be made without the consent of all the obligors, either by leave or order of the court, or otherwise. A material alteration made without the consent of the obligors, at the instance of the officers of the State, would doubtless discharge the obligors. (*Grant* v. *The State*, 8 Texas Ct. App., 432; *Heath* v. *The State*, 14 Texas Ct. App., 213.)

But an alteration, to have the effect of invalidating a bond or recognizance, must be a material one.

In the case before us, the bail bond recited that the indictment against the principal in the bond was presented and filed in court "on the 29th day of December, 180." The court permitted the district attorney to amend this recital by causing it to read "on the 29th day of December, A. D. 1880." It was not necessary to state in the bail bond the date of the presentment or filing of the indictment. Such statement was surplusage and immaterial, and the alteration therein did not affect the validity of the bond. It was an irregularity to allow the amendment, but the error is not of a character to require that the judgment should be set aside because of it.

II. At the next term of the court after the service of citation upon the sureties, the cause was continued. This fact eliminates from the case the questions presented as to the sufficiency of the citations and service thereof, and as to the amendment of the citations. When a cause is not tried at the first term of the court after the service of citation, an erroneous ruling in regard to the sufficiency of the citation or service thereof is immaterial. (*R. R. Co.* v. *Cooke et al.*, Sup. Ct., Austin Term, 1885.) From the record we are unable to discover in what respect the citation was amended. Neither the assignment of errors nor the brief of counsel for appellants points out the error, if any, in the amendment that was made. If it was a defect of form that was amended, such amendment was properly allowed. (Code Crim. Proc., art. 451.)

III. It was surplusage in the judgment *nisi* to order citations to issue and direct when the same should be returnable. (Code Crim. Proc., art. 441.) An error in this portion of the judgment was therefore immaterial, and could not affect the validity thereof.

IV. The citations were pleadings and not evidence, and it is not required that they should be read in evidence by the State. (*Arrington* v. *The State*, 13 Texas Ct. App., 554; *McWhorter* v. *The State*, 14 Texas Ct. App., 239.)

V. Defendants suggested in the trial court the death of their principal, Wm. Drury, alleging that his death had occurred since the rendition of the judgment *nisi*. There was some evidence tending to prove such death. The court, however, did not see proper to continue the cause for the purpose of making the legal representatives of the deceased principal parties defendant, and we cannot say from the record before us that this action of the court was erroneous. There was no positive evidence that the principal

defendant was dead.   All the evidence upon the question was mere rumor and hearsay, and we cannot say that the court did not very properly disregard it.

VI. It was conclusively proved that the bail bond was taken by the sheriff at a time when the district court was not in session.  The court had not commenced its term.   At the time the bond was in fact taken, the sheriff had legal authority to take it.  (Code Crim. Proc., art. 305.)

VII. After the district attorney amended the bail bond, the defendants by their attorney filed a plea of *non est factum*.  This plea in fact had reference only to the bond as amended.   It was abundantly proved that the defendants had executed the identical bond which was so amended.   In this instance, instead of the plea of *non est factum*, the proper practice would have been a special plea admitting the execution of the bond, but attacking its validity because of the alteration.   (*Heath* v. *The State*, 14 Texas Ct. App., 213.)

After a consideration of the numerous errors assigned by appellants, we are of the opinion that there is no error in the judgment, and it is affirmed.

*Affirmed.*

[Opinion delivered May 27, 1885.]