## W. F. BENNETT v. I. B. ROSENTHAL & CO.

### (No. 3684.

APPEAL from Grayson County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

WILKINS & PATTY, counsel for appellant.

FINLEY, PASCO & GILBERT, counsel for appellees.

§ **156.** *Attachment; affidavit for need not state when debt is due; case stated.* Appellees brought this suit against appellant and his wife, M. E. Bennett, to recover the amount of an account. A portion of the account was for goods purchased of appellees by appellant's wife in carrying on a millinery business which she conducted in her own name. The balance of said account was an account due appellees by Mrs. Nunnerly, the payment of which appellant's wife had assumed to Mrs. Nunnerly in consideration of a stock of goods worth about $2,000, which Mrs. Nunnerly, who was the mother of appellant's wife, delivered to appellant's wife. Appellees caused an attachment to be issued in the suit, which was levied, etc. A motion to quash the attachment because of supposed defects in the affidavit was made and overruled, and upon a hearing of the case appellees recovered judgment against appellant for the full amount sued for and

costs. As to M. E. Bennett, appellant's wife, the judgment was that plaintiffs take nothing, etc. *Held:* It was not error to overrule the motion to quash the attachment. The affidavit for the attachment is in strict compliance with the statute. It is not required that an affidavit for attachment shall state *when* the debt became or will become due. Such allegations are to be made in the petition, as was done in this case. [R. S. art. 152; Willis & Bro. v. Mooring & Blanchard, 63 Tex. 340; Tarkinton v. Broussard, 51 Tex. 551; Pearce v. Bell, 21 Tex. 688; Primrose v. Roden, 14 Tex. 1.]

§ 157. *Statute of frauds; promise to pay debt due by another not within, when.* Mrs. Nunnerly was doing a millinery business and owned a stock of goods worth about $2,000. She delivered this stock of goods to Mrs. Bennett, wife of the appellant, upon consideration that Mrs. Bennett would pay the debt due by Mrs. Nunnerly to appellees, and Mrs. Bennett received the goods and used them, promising to pay said debt. *Held:* According to the weight of authority Mrs. Bennett's promise is not within the statute of frauds. The rule is, that " whenever the defendant's promise is, in effect, to pay his own debt to the plaintiff, though that of a third person may be incidentally discharged, the promise need not be in writing." The statute " contemplates a promise to *answer* for another's debt ; a promise *for that purpose;* a mere guaranty; and it never was meant that a man should set it up as a pretext to escape from the performance of a valid verbal obligation of his own, because in performing it the discharge of a third party's debt was incidentally involved." [Spann v. Cochran & Ewing, 63 Tex. 240.] The facts of this case bring it within the rule above stated.

§ 158. *Liability of husband for debt created by wife.* There can be no question as to appellant's liability for the indebtedness incurred by his wife in carrying on the millinery business. It is not claimed · or pretended that the funds invested in said business were her separate prop-

erty. Such funds, and the profits accruing from such investment, were community property, and the debts created by the wife in the conduct of the business were community debts, for which the husband alone is liable. [Miller v. Marx & Kempner, 5 Tex. Law Rev. 734; Green v. Ferguson, 62 Tex. 525; Epperson v. Jones, 6 Tex. L. R. 87.]

October 30, 1886.                               Affirmed.