NO. 07-07-0380-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 3, 2008



______________________________





BOBBY J. MITCHELL, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2007-415796; HON. CECIL G. PURYEAR, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
MEMORANDUM OPINION
          Appellant, Bobby J. Mitchell, was convicted of bail jumping, enhanced by two prior
felony convictions, and sentenced to 60 years in the Institutional Division of the Texas
Department of Criminal Justice. Through three issues, appellant contends the trial court
committed reversible error. We disagree and affirm.
 
Factual and Procedural Background
          On April 4, 2007, appellant appeared in the 140th District Court of Lubbock County,
Texas, to stand trial for the offense of assault. At the conclusion of the first day of trial,
appellant, who had been released from jail on a personal recognizance bond, was
instructed to return at 9:00 the following morning. On April 5, 2007, the court reconvened,
but appellant did not appear as ordered by the trial judge. Subsequently, appellant was
indicted for the offense of bail jumping. Pat Metze, appellant’s attorney on the assault
case, was initially appointed to represent appellant on the new charge of bail jumping. 
However, Metze filed a motion to withdraw alleging that he was a potential witness in the
bail jumping case. The motion was granted and new counsel was appointed.
          Prior to the bail jumping trial commencing, Metze was subpoenaed to testify on
behalf of the State. At a pre-trial hearing, the trial court refused to quash Metze’s
subpoena, ruling that Metze would have to testify about all matters except those that
related to communications between the attorney and client. At trial, Metze was called as
a witness over appellant’s objection. Metze testified that appellant was present for the first
day of the trial but failed to appear the following day. Further, he admitted that the trial
court had admonished appellant that he must return to the courtroom the following day. 
The State also presented evidence of appellant’s release on a personal recognizance bond
and the conditions of the bond. The bailiff for the 140th District Court also testified as to the
events of the first day of the assault trial and appellant’s failure to appear at the beginning
of the second day of the proceedings. 
          After hearing the evidence, the jury returned a verdict of guilty. The jury, after
hearing the evidence regarding punishment, assessed appellant’s punishment at
confinement for a term of 60 years in the Institutional Division of the Texas Department of
Criminal Justice. It is from this judgment that appellant appeals.
          By three issues, appellant contends that: 1) the evidence is legally insufficient to
sustain the judgment, 2) the trial court erred in permitting the testimony of appellant’s
former attorney, and 3) the trial court allowed the State to engage in impermissible closing
arguments that shifted the burden of proof. We disagree and affirm the trial court’s
judgment.
Legal Sufficiency of the Evidence
           In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).
          A person commits the offense of bail jumping when he is “lawfully released from
custody, with or without bail, on condition that he subsequently appear if he intentionally
or knowingly fails to appear in accordance with the terms of his release.” Tex. Penal Code
Ann. § 38.10(a) (Vernon 2003). Appellant’s position is that the bond upon which he was
released was not “lawful bail” and, therefore, the conviction cannot be sustained. 
          To arrive at this conclusion, appellant cites the court to the requirements for a
personal recognizance bond, as noted in the Texas Code of Criminal Procedure.


 See
Tex. Code Crim. Proc. Ann. art. 17.04 (Vernon 2005).


 According to appellant, it is the
failure of the bond to contain the items listed in paragraph (2)(A)-(D) that renders the bail
unlawful. Following appellant’s theory to its logical conclusion, the missing information
invalidates the bond, which, in turn, vitiates appellant’s promise to appear. Appellant’s
logic is not persuasive. To this end, appellant cites the Court to several cases which
purportedly support appellant’s proposition that the bond in question was not lawful and,
therefore, could not be the basis of a bail jumping charge. See Turner v. State, 14 Tex.
Ct. App. 168 (1883) (conditions of bond more onerous than permitted by statute, therefore,
surety could not be held liable in subsequent forfeiture action); Costley v. State, 14 Tex.
Ct. App. 156 (1883) (forgery case where instrument forged was bail bond); Gragg v. State,
18 Tex. Ct. App. 295 (1885) (appeal of forfeiture of bail bond where bond had been
altered without knowledge or permission of principal or surety); Wegner v. State, 18 Tex.
Ct. App. 419 (1890) (appeal of forfeiture where bonds were materially altered). The
common denominator in three of the cases was that it was an appeal by the surety after
a forfeiture proceeding. The fourth case dealt with the particularities of a forgery case
where the question was can you have a forgery of an invalid bond. None of these cases
dealt with the issue of the validity of a bond in a bail jumping or failure to appear case.
          The language of article 17.04 is instructive. It states that “a personal bond is
sufficient if it includes the requisites of a bail bond as set out in Article 17.08, . . . .” Art.
17.04. Article 17.08 sets forth six requirements of a bail bond. See art. 17.08. First, the
bond must be payable to the State of Texas, which appellant’s bond was. Art. 17.08(1). 
Second, the principal must bind himself to appear before the proper court to answer the
charges pending. Art. 17.08(2). Appellant promised to appear instanter in the 140th District
Court of Lubbock County, Texas, to answer the felony charges that were then pending. 
Third, the bond clearly states that appellant was charged with a felony. Art. 17.08(3). 
Fourth, the bond must contain the signature of the principal and his mailing address. Art.
17.08(4). Appellant’s signature appears on the line titled “principal” and his address is listed
beneath the signature. Fifth, the bond must state the time and place when the principal is
to appear and the court before whom he is to appear. Art. 17.08(5). Appellant’s bond is
noted as an “instanter” bond, which appellant admits in his brief gives proper notice of when
and where he is to appear. See Euziere v. State, 648 S.W.2d 700, 702 (Tex.Crim.App.
1983). Finally, the bond must be conditioned that the principal will pay all necessary and
reasonable expenses incurred by the sheriff and other peace officers should they have to
rearrest the principal after he fails to appear. Art. 17.08(6). Appellant’s bond expressly
requires appellant to pay those expenses. Accordingly, appellant’s personal recognizance
bond is sufficient. 
          Appellant complains that it is the lack of the additional requirements listed after the
language regarding the sufficiency of the bond that invalidates the current bond. In setting
forth those requirements, the statute speaks in terms of “shall contain” and then lists the
items of personal information lacking in appellant’s bond. Art. 17.04(2)(A)-(D). The
language of the statute creates a duty. See Tex. Gov’t Code Ann. § 311.016 (Vernon
2005). However, “shall” is less onerous than “must,” which creates or recognizes a
condition precedent. Id. When construing statutes, we must always remember to consider
the statute as a whole. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). 
The word “must” is given mandatory meaning when followed by a noncompliance penalty. 
Id. In our case, the lesser mandatory “shall” is used and there is no noncompliance penalty
contained within the statute. See art. 17.04. Additionally, contained within the statute and
preceding that portion containing the mandatory language, the statute states that “a
personal bond is sufficient if” and then sets forth the requirements previously outlined. So,
if we take the statute as a whole, we conclude that the alleged mandatory language, “shall,”
is merely directive in nature. Helena Chemical Co., 47 S.W.3d 493. Accordingly, the failure
to include the required personal information in no way vitiates the legality of the personal
bond executed by appellant.
          A bail jumping case has, as its central premise, that the defendant was released from
custody on a promise to appear and failed to appear as required. See Euziere, 648 S.W.2d
at 702. The record before us shows that appellant executed a personal recognizance bond
on March 28, 2007, in which appellant promised to appear INSTANTER before the 140th
District Court of Lubbock County, Texas and that the trial judge was the judicial officer who
authorized the personal recognizance bond. Further, the record reflects that, at the
conclusion of the first day of trial, April 4, 2007, appellant was admonished by the same trial
judge that the proceedings would begin again at 9:00 a.m. on April 5, 2007. The record
clearly demonstrates that appellant did not appear the next morning and has never offered
any “reasonable excuse” for failing to appear. See Tex. Penal Code Ann. § 38.10(b) & (c)
(Vernon 2003). Appellant has never argued that the trial judge was not authorized to order
appellant’s release from custody, conditioned upon his promise to appear. Accordingly,
appellant was legally released. As the State points out, the personal bond in question may
not have been a model of drafting, however, the basic premise of an instanter bond was
there. See Whetstone v. State, No. 06-07-00089-CR, 2007 WL 4118918, at *2 (Tex.App.–
Texarkana Nov. 21, 2007, pet. ref’d) (not designated for publication). Appellant was
released from custody after he promised to appear before a specific court to answer a
specific charge. 
          When we view the evidence in the light most favorable to the verdict, we find that a
rational jury could find that the State proved all of the essential elements of the offense
beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. 
Accordingly, appellant’s first issue is overruled.
Testimony of Appellant’s Former Counsel
          Appellant’s counsel at the underlying assault trial, Pat Metze, was originally
appointed to represent appellant in the bail jumping case. Before trial, Metze filed a motion
to withdraw, wherein he alleged that he was a witness in the case. This motion was granted
by the trial court. The State then subpoenaed Metze to testify at the trial of the bail jumping
case. The trial court overruled Metze’s motion to quash the subpoena and Metze testified
over appellant’s objection. The trial court ruled that Metze would have to testify so long as
the questions asked did not pertain to any privileged communications between appellant
and his former counsel. Appellant contends that the trial court erred in compelling Metze
to testify.
          Appellant is claiming that the action of the trial judge in compelling Metze to testify
was error. As such, appellant is claiming error over the admission or exclusion of evidence. 
A trial court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996);
Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh’g). A
reviewing court should not reverse a trial judge’s decision whose ruling was within the zone
of reasonable disagreement. Green, 934 S.W.2d at 102. See also Guzman v. State, 955
S.W.2d 85, 89 (Tex.Crim.App. 1997). 
          In support of his position, appellant cites this court to Flores v. State, for the
proposition that the State offered no compelling need for Metze’s testimony, therefore, the
trial court erred in ordering Metze to testify. Flores v. State, 155 S.W.3d 144, 148
(Tex.Crim.App. 2004). However, appellant misconstrues the court’s holding in Flores. In
Flores, the Court of Criminal Appeals was dealing with counsel in an ongoing trial being
required to testify over his client’s objection. Id. at 150-51. In that circumstance, the court
ruled that, “Permitting a prosecutor to call the defendant’s attorney as a witness ‘inevitably
confuses the distinctions between advocate and witness, argument and testimony, [and] is
acceptable only if required by compelling and legitimate need.’” Id. at 148 (citing United
States v. Schwartzbaum, 527 F.2d 249, 253 (2nd Cir. 1975)). It is clear that the holding in
Flores is limited to a situation where the testimony is compelled from the attorney
representing the defendant in the instant trial. Such was not the circumstance in appellant’s
trial. Metze had previously represented appellant, but had withdrawn when it became clear
to Metze that he might be a witness. Further, Metze was a fact witness and was not called
upon to divulge any confidential communications with his client. Therefore, the Flores case
is not controlling and the State was not required to show a compelling and legitimate need
for Metze’s testimony. Accordingly, the trial court did not abuse its discretion in ordering
Metze to answer the questions asked. Green, 934 S.W.2d at 101-02.



Improper Jury Arguments
          By his third issue, appellant argues that the trial court erred in overruling his
objections to the State’s improper jury argument. Proper jury argument falls into four
categories: 1) summation of evidence presented at trial, 2) reasonable deductions drawn
from evidence presented at trial, 3) answers to opposing counsel’s argument, or 4) pleas
for law enforcement. Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Crim.App.1997). To
determine whether jury argument properly falls within one of these categories, we must
consider the argument in light of the record as a whole. Wilson v. State, 938 S.W.2d 57,
59, 61-62 (Tex.Crim.App. 1996). To constitute reversible error, the argument must be
extreme or manifestly improper, violative of a mandatory statute, or have injected new facts,
harmful to the accused, into the trial proceedings. Id. at 59. The argument must be
considered within the context in which it appears. Gaddis v. State, 753 S.W.2d 396, 398
(Tex.Crim.App. 1988). 
          The arguments that appellant complains of occurred during the State’s closing
argument. In the first instance, the State discussed the responsibilities of someone who
has been released on bail and stated:
And where he was supposed to be was in court, before Judge Darnell, just
like he promised he would be. He promised, ‘I will appear before you.’ His
get-out-of-jail-free card, as Mr. Hogan called it: ‘I will get out of jail free
because, you know what, I am presumed innocent.’ You bet you are. But
when you’re walking around facing a felony charge, you may be presumed
innocent but you will appear and be responsible when the Court tells you to
be. You don’t just get to roam around in the community free, not having to
show up and answer for your charges. You get your day in court to show
that you’re innocent, but you have to show up to do it.


 
 
At which time appellant interposed the following objection: “Objection, Your Honor. 
Counsel is attempting to unduly shift the burden and presumption of innocence. The
Defendant has to show nothing.” The trial court overruled the objection. Later, during
closing, the State engaged in the following argument:
The credibility of the witnesses, you consider everything. The things you
don’t consider at this time are any sympathy you may have for him, any
what-if’s, because if there was a defense, if he had car trouble, if he had
medical problems, it would have had to come from testimony from the
stand.



 
At this time, appellant interposed the following objection: “Objection, Your Honor. Counsel 
is attempting to implicate the Defendant’s right of self-incrimination, and asking the Court
to consider his election not to testify.” 
          On appeal, appellant claims that both arguments attempt to shift the burden of proof
and require appellant to produce evidence of his innocence. Further, appellant alleges that
the arguments were a comment on appellant’s failure to testify. 
          In connection with the objection to the first quoted argument by the State,
appellant’s objection went to his perception that the State was attempting to shift the
burden of proof and necessarily impact the presumption of innocence. The objection did 
not advise the trial court that appellant perceived the argument to be a comment on the
failure of appellant to testify or of his right against self-incrimination. As such, the
argument on appeal does not comport with the objection, and accordingly, that point is not
preserved for appeal. See Dixon v. State, 2 S.W.3d 263, 273 (Tex.Crim.App. 1998). 
Therefore, as to appellant’s contention that the first comment abridged his right to remain
silent or was a comment on his failure to testify, it is overruled. 
          Appellant also contends that this first argument was an attempt to shift the burden
of proof and presumption of innocence. We should judge the argument in the context in
which it was stated. Gaddis, 753 S.W.2d at 398. When we do so, we find that the State’s
argument reminded the jury of appellant’s presumption of innocence. The overall import
of this argument was that, although appellant is presumed innocent, he had to come
forward to answer for the charges which had been leveled against him. When we consider
the record as a whole, we cannot say that this argument was extreme or manifestly unfair. 
Wilson, 938 S.W.2d at 61-62. 
          As to the second alleged incident of improper jury argument, we must review the
argument made by appellant to place the State’s comments in proper perspective. During
appellant’s summation, counsel made the following statements:
There is no evidence of where Mr. Mitchell was. The State’s evidence was
solely that he wasn’t in the courtroom at the place, at the time that he was
supposed to be, that, therefore, he must have knowingly and intentionally not
been there. You have to take it a step farther. They did not do so. They
didn’t show that he knowingly and intentionally stayed away from the
courtroom that day.
 
After reviewing the argument of appellant, it becomes clear that the State’s argument was
made in response to and in answer to the argument of appellant. The argument of the
State was in fact a proper recitation of the burden of proof. All the State was required to
prove was that appellant was not in court as required. Therefore, the State’s argument
was a permissible final argument. Lagrone, 942 S.W.2d at 619. Accordingly, we overrule
appellant’s third issue.
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
Mackey K. Hancock

Justice



Do not publish.