NO. 07-07-0380-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 3, 2008

_____


BOBBY J. MITCHELL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415796; HON. CECIL G. PURYEAR, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Bobby J. Mitchell, was convicted of bail jumping, enhanced by two prior felony convictions, and sentenced to 60 years in the Institutional Division of the Texas Department of Criminal Justice. Through three issues, appellant contends the trial court committed reversible error. We disagree and affirm.

Factual and Procedural Background

On April 4, 2007, appellant appeared in the 140th District Court of Lubbock County, Texas, to stand trial for the offense of assault. At the conclusion of the first day of trial, appellant, who had been released from jail on a personal recognizance bond, was instructed to return at 9:00 the following morning. On April 5, 2007, the court reconvened, but appellant did not appear as ordered by the trial judge. Subsequently, appellant was indicted for the offense of bail jumping. Pat Metze, appellant's attorney on the assault case, was initially appointed to represent appellant on the new charge of bail jumping. However, Metze filed a motion to withdraw alleging that he was a potential witness in the bail jumping case. The motion was granted and new counsel was appointed.

Prior to the bail jumping trial commencing, Metze was subpoenaed to testify on behalf of the State. At a pre-trial hearing, the trial court refused to quash Metze's subpoena, ruling that Metze would have to testify about all matters except those that related to communications between the attorney and client. At trial, Metze was called as a witness over appellant's objection. Metze testified that appellant was present for the first day of the trial but failed to appear the following day. Further, he admitted that the trial court had admonished appellant that he must return to the courtroom the following day. The State also presented evidence of appellant's release on a personal recognizance bond and the conditions of the bond. The bailiff for the 140th District Court also testified as to the events of the first day of the assault trial and appellant's failure to appear at the beginning of the second day of the proceedings.

2

After hearing the evidence, the jury returned a verdict of guilty. The jury, after hearing the evidence regarding punishment, assessed appellant's punishment at confinement for a term of 60 years in the Institutional Division of the Texas Department of Criminal Justice. It is from this judgment that appellant appeals.

By three issues, appellant contends that: 1) the evidence is legally insufficient to sustain the judgment, 2) the trial court erred in permitting the testimony of appellant's former attorney, and 3) the trial court allowed the State to engage in impermissible closing arguments that shifted the burden of proof. We disagree and affirm the trial court's judgment.

Legal Sufficiency of the Evidence

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

A person commits the offense of bail jumping when he is "lawfully released from custody, with or without bail, on condition that he subsequently appear if he intentionally or knowingly fails to appear in accordance with the terms of his release." TEX. PENAL CODE

ANN. § 38.10(a) (Vernon 2003). Appellant's position is that the bond upon which he was released was not "lawful bail" and, therefore, the conviction cannot be sustained.

To arrive at this conclusion, appellant cites the court to the requirements for a personal recognizance bond, as noted in the Texas Code of Criminal Procedure.[1] See TEX. CODE CRIM. PROC. ANN. art. 17.04 (Vernon 2005).[2] According to appellant, it is the failure of the bond to contain the items listed in paragraph (2)(A)-(D) that renders the bail unlawful. Following appellant's theory to its logical conclusion, the missing information invalidates the bond, which, in turn, vitiates appellant's promise to appear. Appellant's logic is not persuasive. To this end, appellant cites the Court to several cases which purportedly support appellant's proposition that the bond in question was not lawful and, therefore, could not be the basis of a bail jumping charge. See Turner v. State, 14 Tex. Ct. App. 168 (1883) (conditions of bond more onerous than permitted by statute, therefore, surety could not be held liable in subsequent forfeiture action); Costley v. State, 14 Tex.

---

[1]Further reference to the Texas Code of Criminal Procedure will be by "art. ___."

[2]"A personal bond is sufficient if it includes the requisites of a bail bond as set out in Article 17.08, except that no sureties are required. In addition, a personal bond shall contain:

(1) the defendant's name, address, and place of employment;
(2) identification information, including the defendant's:
    (A) date and place of birth;
    (B) height, weight, and color of hair and eyes;
    (C) driver's license number and state of issuance, if any; and
    (D) nearest relative's name and address, if any, and
(3) the following oath sworn and signed by the defendant: . . . ."

4

Ct. App. 156 (1883) (forgery case where instrument forged was bail bond); <u>Gragg v. State</u>, 18 Tex. Ct. App. 295 (1885) (appeal of forfeiture of bail bond where bond had been altered without knowledge or permission of principal or surety); <u>Wegner v. State</u>, 18 Tex. Ct. App. 419 (1890) (appeal of forfeiture where bonds were materially altered). The common denominator in three of the cases was that it was an appeal by the surety after a forfeiture proceeding. The fourth case dealt with the particularities of a forgery case where the question was can you have a forgery of an invalid bond. None of these cases dealt with the issue of the validity of a bond in a bail jumping or failure to appear case.

The language of article 17.04 is instructive. It states that "a personal bond is sufficient if it includes the requisites of a bail bond as set out in Article 17.08, . . . ." Art. 17.04. Article 17.08 sets forth six requirements of a bail bond. <u>See</u> art. 17.08. First, the bond must be payable to the State of Texas, which appellant's bond was. Art. 17.08(1). Second, the principal must bind himself to appear before the proper court to answer the charges pending. Art. 17.08(2). Appellant promised to appear instanter in the 140th District Court of Lubbock County, Texas, to answer the felony charges that were then pending. Third, the bond clearly states that appellant was charged with a felony. Art. 17.08(3). Fourth, the bond must contain the signature of the principal and his mailing address. Art. 17.08(4). Appellant's signature appears on the line titled "principal" and his address is listed beneath the signature. Fifth, the bond must state the time and place when the principal is to appear and the court before whom he is to appear. Art. 17.08(5). Appellant's bond is noted as an "instanter" bond, which appellant admits in his brief gives proper notice of when and where he is to appear. <u>See</u> <u>Euziere v. State</u>, 648 S.W.2d 700, 702 (Tex.Crim.App.

5

1983). Finally, the bond must be conditioned that the principal will pay all necessary and reasonable expenses incurred by the sheriff and other peace officers should they have to rearrest the principal after he fails to appear. Art. 17.08(6). Appellant's bond expressly requires appellant to pay those expenses. Accordingly, appellant's personal recognizance bond is sufficient.

Appellant complains that it is the lack of the additional requirements listed after the language regarding the sufficiency of the bond that invalidates the current bond. In setting forth those requirements, the statute speaks in terms of "shall contain" and then lists the items of personal information lacking in appellant's bond. Art. 17.04(2)(A)-(D). The language of the statute creates a duty. See TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005). However, "shall" is less onerous than "must," which creates or recognizes a condition precedent. Id. When construing statutes, we must always remember to consider the statute as a whole. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). The word "must" is given mandatory meaning when followed by a noncompliance penalty. Id. In our case, the lesser mandatory "shall" is used and there is no noncompliance penalty contained within the statute. See art. 17.04. Additionally, contained within the statute and preceding that portion containing the mandatory language, the statute states that "a personal bond is sufficient if" and then sets forth the requirements previously outlined. So, if we take the statute as a whole, we conclude that the alleged mandatory language, "shall," is merely directive in nature. Helena Chemical Co., 47 S.W.3d 493. Accordingly, the failure to include the required personal information in no way vitiates the legality of the personal bond executed by appellant.

6

A bail jumping case has, as its central premise, that the defendant was released from custody on a promise to appear and failed to appear as required. See Euziere, 648 S.W.2d at 702. The record before us shows that appellant executed a personal recognizance bond on March 28, 2007, in which appellant promised to appear INSTANTER before the 140th District Court of Lubbock County, Texas and that the trial judge was the judicial officer who authorized the personal recognizance bond. Further, the record reflects that, at the conclusion of the first day of trial, April 4, 2007, appellant was admonished by the same trial judge that the proceedings would begin again at 9:00 a.m. on April 5, 2007. The record clearly demonstrates that appellant did not appear the next morning and has never offered any "reasonable excuse" for failing to appear. See TEX. PENAL CODE ANN. § 38.10(b) & (c) (Vernon 2003). Appellant has never argued that the trial judge was not authorized to order appellant's release from custody, conditioned upon his promise to appear. Accordingly, appellant was legally released. As the State points out, the personal bond in question may not have been a model of drafting, however, the basic premise of an instanter bond was there. See Whetstone v. State, No. 06-07-00089-CR, 2007 WL 4118918, at *2 (Tex.App.–Texarkana Nov. 21, 2007, pet. ref'd) (not designated for publication). Appellant was released from custody after he promised to appear before a specific court to answer a specific charge.

When we view the evidence in the light most favorable to the verdict, we find that a rational jury could find that the State proved all of the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Accordingly, appellant's first issue is overruled.

7

Testimony of Appellant's Former Counsel

Appellant's counsel at the underlying assault trial, Pat Metze, was originally appointed to represent appellant in the bail jumping case. Before trial, Metze filed a motion to withdraw, wherein he alleged that he was a witness in the case. This motion was granted by the trial court. The State then subpoenaed Metze to testify at the trial of the bail jumping case. The trial court overruled Metze's motion to quash the subpoena and Metze testified over appellant's objection. The trial court ruled that Metze would have to testify so long as the questions asked did not pertain to any privileged communications between appellant and his former counsel. Appellant contends that the trial court erred in compelling Metze to testify.

Appellant is claiming that the action of the trial judge in compelling Metze to testify was error. As such, appellant is claiming error over the admission or exclusion of evidence. A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102. See also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

In support of his position, appellant cites this court to Flores v. State, for the proposition that the State offered no compelling need for Metze's testimony, therefore, the trial court erred in ordering Metze to testify. Flores v. State, 155 S.W.3d 144, 148

8

(Tex.Crim.App. 2004). However, appellant misconstrues the court's holding in Flores. In Flores, the Court of Criminal Appeals was dealing with counsel in an ongoing trial being required to testify over his client's objection. Id. at 150-51. In that circumstance, the court ruled that, "Permitting a prosecutor to call the defendant's attorney as a witness 'inevitably confuses the distinctions between advocate and witness, argument and testimony, [and] is acceptable only if required by compelling and legitimate need.'" Id. at 148 (citing United States v. Schwartzbaum, 527 F.2d 249, 253 (2nd Cir. 1975)). It is clear that the holding in Flores is limited to a situation where the testimony is compelled from the attorney representing the defendant in the instant trial. Such was not the circumstance in appellant's trial. Metze had previously represented appellant, but had withdrawn when it became clear to Metze that he might be a witness. Further, Metze was a fact witness and was not called upon to divulge any confidential communications with his client. Therefore, the Flores case is not controlling and the State was not required to show a compelling and legitimate need for Metze's testimony. Accordingly, the trial court did not abuse its discretion in ordering Metze to answer the questions asked. Green, 934 S.W.2d at 101-02.[3]

## Improper Jury Arguments

By his third issue, appellant argues that the trial court erred in overruling his objections to the State's improper jury argument. Proper jury argument falls into four categories: 1) summation of evidence presented at trial, 2) reasonable deductions drawn from evidence presented at trial, 3) answers to opposing counsel's argument, or 4) pleas

---

[3]Appellant specifically avers in his brief that he is not alleging a violation of attorney-client privilege.

9

for law enforcement.  Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Crim.App.1997).  To determine whether jury argument properly falls within one of these categories, we must consider the argument in light of the record as a whole.  Wilson v. State, 938 S.W.2d 57, 59, 61-62 (Tex.Crim.App. 1996).  To constitute reversible error, the argument must be extreme or manifestly improper, violative of a mandatory statute, or have injected new facts, harmful to the accused, into the trial proceedings.  Id. at 59.  The argument must be considered within the context in which it appears.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).

The arguments that appellant complains of occurred during the State's closing argument.  In the first instance, the State discussed the responsibilities of someone who has been released on bail and stated:

> And where he was supposed to be was in court, before Judge Darnell, just like he promised he would be.  He promised, 'I will appear before you.'  His get-out-of-jail-free card, as Mr. Hogan called it: 'I will get out of jail free because, you know what, I am presumed innocent.'  You bet you are.  But when you're walking around facing a felony charge, you may be presumed innocent but you will appear and be responsible when the Court tells you to be.  You don't just get to roam around in the community free, not having to show up and answer for your charges.  **You get your day in court to show that you're innocent, but you have to show up to do it.**[4]

At which time appellant interposed the following objection: "Objection, Your Honor. Counsel is attempting to unduly shift the burden and presumption of innocence.  The Defendant has to show nothing."  The trial court overruled the objection.  Later, during closing, the State engaged in the following argument:

---

[4]Appellant only cites the last sentence of the argument to support his position.

The credibility of the witnesses, you consider everything. The things you don't consider at this time are any sympathy you may have for him, any what-if's, because if there was a defense, **if he had car trouble, if he had medical problems, it would have had to come from testimony from the stand**.[5]

At this time, appellant interposed the following objection: "Objection, Your Honor. Counsel is attempting to implicate the Defendant's right of self-incrimination, and asking the Court to consider his election not to testify."

On appeal, appellant claims that both arguments attempt to shift the burden of proof and require appellant to produce evidence of his innocence. Further, appellant alleges that the arguments were a comment on appellant's failure to testify.

In connection with the objection to the first quoted argument by the State, appellant's objection went to his perception that the State was attempting to shift the burden of proof and necessarily impact the presumption of innocence. The objection did not advise the trial court that appellant perceived the argument to be a comment on the failure of appellant to testify or of his right against self-incrimination. As such, the argument on appeal does not comport with the objection, and accordingly, that point is not preserved for appeal. See Dixon v. State, 2 S.W.3d 263, 273 (Tex.Crim.App. 1998). Therefore, as to appellant's contention that the first comment abridged his right to remain silent or was a comment on his failure to testify, it is overruled.

---

[5]The emboldened portion of the argument is the portion quoted by appellant's brief.

Appellant also contends that this first argument was an attempt to shift the burden of proof and presumption of innocence. We should judge the argument in the context in which it was stated. Gaddis, 753 S.W.2d at 398. When we do so, we find that the State's argument reminded the jury of appellant's presumption of innocence. The overall import of this argument was that, although appellant is presumed innocent, he had to come forward to answer for the charges which had been leveled against him. When we consider the record as a whole, we cannot say that this argument was extreme or manifestly unfair. Wilson, 938 S.W.2d at 61-62.

As to the second alleged incident of improper jury argument, we must review the argument made by appellant to place the State's comments in proper perspective. During appellant's summation, counsel made the following statements:

> There is no evidence of where Mr. Mitchell was. The State's evidence was solely that he wasn't in the courtroom at the place, at the time that he was supposed to be, that, therefore, he must have knowingly and intentionally not been there. You have to take it a step farther. They did not do so. They didn't show that he knowingly and intentionally stayed away from the courtroom that day.

After reviewing the argument of appellant, it becomes clear that the State's argument was made in response to and in answer to the argument of appellant. The argument of the State was in fact a proper recitation of the burden of proof. All the State was required to prove was that appellant was not in court as required. Therefore, the State's argument was a permissible final argument. Lagrone, 942 S.W.2d at 619. Accordingly, we overrule appellant's third issue.

12

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.